41,516-03

IN AND FOR THE 66TH JUDICIAL DISTRICT COURT

HILLSBORO COUNTY TEXAS

HILLSBORO TEXAS

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAY 28 2015

Abel Acosta, Clerk

.............................. .

|  |  |
|---|---|
| EX PARTE, | X |
| DEWAYNE DOUGLAS WILLIS | X |
|  | X |
|  | X |

CAUSE NO.

........................

PETITITIONER'S APPLICATION FOR A WRIT OF MANDAMUS OR IN THE

ALTERATIVE AN ORDER PROHIBITING THE TRIAL COURT FROM DENYING HIS WRIT OF HABEAS

CORPUS FOR OVER A PERIOD OF 4 MONTHS RESULTING IN THE APPLICATION NOT BEING

FORWARDED TO THE TEXAS COURT OF CRIMINAL APPEALS OF AUSTIN

ETC., 02/12/2015

TO: THE HONORABLE JUDGE F.B. (BOB) McGREGOR JR, OF THE SAID DISTRICT COURT:

NOW COMES, the Petitioner, Ex Parte, Dewayne Douglas Willis, and file this his Application for a Writ of Mandamus., or in the Alterative an order prohibiting the Trial Court from denying it's procedures, as to the Trial court not following it's 15 days from the day it is filed, and the State has 20 days to file it's findings and conclusion of law, which is 35 days, as to conducting a hearing are forwarding all it's findings and conclusions to the Clerk of the Texas Court of Criminal Appeals. Thus, the petitioner will show this Honorable Court the following;

THE TEXAS COURT OF CRIMINAL APPEALS HOLDS AND HAS JURISDICTION
OF THE INSTANT CAUSE OF ACTION

Petitioner argues this Honorable Court of Criminal Appeals, that as to it's orders on judicial review, or nonreview as to it's order to the trial Court, such as done here, gives the Honorable Court of Criminal Appeals, a violation of it's order on the instant cause of action, as a by-pass-of the trials courts findings and conclusions of law;

Thus, the petitioner, argues this Honorable Court of Criminal Appeals, upon it's jurisdiction, that a direct review be made as to the trial Court of the 66th Judicial District Court, of Hill County Texas, not timely or making it's collateral.... challenges... via writ of habeas corpus or mandamus, as well as declaratory relief.

Petitioner presented this ground to the trial court by way of his writ of habeas corpus, as a non-jurisdictional cause of action, which should have never being put on his parole file, as it was stated, the statement were to only ask forgiveness an apologize, as the record stated: See Petitioners counsel Mr. De Los Santos: Your Honor. I belive that the State may bring someone here that happen 30 years ago and he knows about it and he wants to apologize, you know, just as for forgiveness. THAT'S IT. OFFERED 146 ADMITTED 146 VOL. 3

If the record is to be found true, why is it, that petitioner is having to file under Chapter 143. Executive Clemency, as to remove the sex conviction from SID: TX 02758534, under direct sentence, Cause No. F-0573924-T; Page 1 of 4 Pages and direct sentence, Cause No. F-0558587-T; Page 1 of 4 Pages, sentence were to run concurrently unless otherwise specified.

Furthermore, the following special findings or orders apply: The Court recommends that the petitioner be placed in protective custody while in TDC. Signed on this 27 February, 2006.
Petitioner was reportedly manipulated into taking the stand, as Sgt. Patrick Welsh manipulated petitioner into bleiving he had analyzed DNA profile against CODIS, and he was identified as the rapist;

As shown in the record, (Ct. R. Vol. 3 At 144), on September 11, 2008, C.S. was falsely informed that petitioner was the person who had raped her. No DNA testing were run until, 2009;

Sgt. Patrick Welsh, received a call from C.S.'s mother in 2002, only then he contacted the Southwest Institute of Forensic Sciences, to determine if the samples taken from C.S. were still in existence. Thereafter, in 2009, the DNA, and only then, petitioner was falsely identified as the rapist. (Ct. R. vol. 3 At 150).

Petitioner's Court appointed counsel Mr. De Los Santos, and the State's attorney Ms. Nicole Crain, was well aware as to petitioner being mentally retarded, with an IQ of seventy-four [74], and achievement score of reading is below 5.0 .., the petitioner has falsely confessed to a crime he did not commit, and his counsel is well aware, without questioning that the DNA testing were falsely are contaminated making the state reluctant, in having him take the stand, as if he was apologizing

and at the same time, confessing the crime.., moreso, petitioner's counsel and states attorney, had petitioner to stipulate the DNA and the medical evidence., as to them not having prove of DNA testing which would show any guilt of him .. sexually assaulting the victim, C.S., although petitioner was never charged with the offense, or even arrested, as the record will show, that he was tricked into taking the stand.,      (Ct. Vol. 3 At 127), trial counsel Mr: De Los Santos: Your Honor. I believe that the State may bring someone here that happen 30 years ago and he knows about it and he wants to APOLOGIZE, you know, JUST ASK FOR FORGIVENESS. THAT'S IT. See OFFERED 146 ADMITTED 146 VOL. 3

The State and petitioner's court appointed counsel, fail to give reasonable notice of it's intent to introduce such evidence...., they knew if they could get him to.. ask for forgiveness, it would be the same as saying he did it.., but in all he was never given a evidentiary competent hearing, in stead of telling the Court...,"it'd be short and sweet on my guy".  ....; (Ct. R. Vol. 3 at 127)., at the same time ... telling the petitioner. Because the statute of limitations on this crime in 1983 was ten years the defendant could not be prosecuted. See (Ct. R. Vol. 3 at 151).

TDCJ, has a record of petitioner's incompetence treatments at, Jester IV Unit, Rt. 2 Richmond, Texas 77469.

Petitioner was was unfairly, surprised by and through ambushed through the evidence from the State, which was fabricated; in the record;

(1)      C.S. ...The State called C.S. as a witness.
         (Ct. R. Vol. 3 at 136).

(2)      The witness C.S., was not aware as who petitioner
         was until 2009, that's when the DNA profile was
         run, as stated. (Ct. R. vol. 3 at 150).

(3)      ...... How could it be, that on September 11, 2008,
         a year eariler, C.S., was informed that petitioner
         was the person who had raped her. (Ct. R. Vol. 3 at
         144).

PRATER

WHEREFORE, PREMISES CONSIDERED, Petitioner respectfully request of this Honorable Court of Hill County, 66th District Court, to acknowledge reciept of the filing of the writ of habease corpus, during the month of Feb, 20015, as self representation. May the 22st, 20 /5 .        Respectfully Submitted

DeWAYne DoUglAs Willis

## CERTIFICATE OF SERVICE

I, _DeWAyne Willis_, as petitioner, hereby state that a true and correct copy of same has been mailed, by forwarding same through the U.S. mail, office of the Clerk, Hill County Courthouse, P.O. Box 400, Hillsboro, Texas 76645 ........, attached hereto have been delivered to the Office of the Clerk, as stated on this the _22st_ day of _May_ ,20_15_ .

Petitioner

_DeWAyne Douglas Willis_

Dewayne Douglas Willis

C.C. D.D.W.